**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

THREE RIVERS DENTAL
GROUP FRANCHISING, LLC,

      Plaintiff,

                                      Case No. 3:22-cv-68-MMH-LLL

v.

JANIS L. FAMMARTINO, and
PRUCO LIFE INSURANCE COMPANY,

      Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("It is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1)

jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On January 19, 2022, Plaintiff Three Rivers Dental Group Franchising, LLC initiated this action by filing a complaint and purporting to set forth the facts establishing that the Court has jurisdiction over this action. See Complaint (Doc. 1) ¶¶ 1-5. Specifically, Plaintiff asserts that the Court has jurisdiction over this action because "it is an action between citizens of a different state and the matter in controversy exceeds the sum of $75,000.00 . . . ." Id. ¶ 5. In support of this assertion, Plaintiff alleges that Defendant Ms. Fammartino is "an individual who resides and at all material times resided" in Florida. Id. ¶ 3. Because this allegation does not adequately identify the citizenship of Ms. Fammartino, the Court is without sufficient information to satisfy its jurisdictional inquiry.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning

whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted). Because the Complaint merely discloses where Ms. Fammartino resides, as opposed to her domicile or state of citizenship, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367; see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608, 104 L. Ed.2d 29 (1989) ("'Domicile is not necessarily synonymous with 'residence[.]'") (citation omitted).

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action. Accordingly, it is

**ORDERED**:

Plaintiff Three Rivers Dental Group Franchising, LLC shall have up to and including **February 4, 2022**, to provide the Court with additional information demonstrating that this Court has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 21st day of January, 2022.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:
Counsel of Record

4